Hong Sheng **XUE**, Petitioner,

v.

Alberto **GONZALES**,* Attorney General, Respondent.

No. 04–70070.
Agency No. A76–282–464.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 10, 2005.

Jisheng Li, Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Norah Ascoli Schwarz, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, AGU–District, Office of

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the District Director U.S. Courthouse, Hagatna, GU, for Respondent.

■■■

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM***

Hong Sheng Xue, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's denial of asylum for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

■ Substantial evidence supports the IJ's finding that petitioner failed to establish past persecution or a well-founded fear of future persecution. Petitioner participated in a workplace demonstration that escalated into a physical fight and left many individuals injured. Petitioner received two court summonses regarding the assaults which he ignored and fled the country fearing arrest. Because there is no evidence that the government seeks to prosecute petitioner based on political activity, but instead seeks to question petitioner regarding the ensuing violence, petitioner fails to establish eligibility for

asylum. *See id.; Dinu v. Ashcroft,* 372 F.3d 1041, 1044–45 (9th Cir.2004).

Because petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999).

■ We decline to review the denial of relief under CAT because it was not raised in the opening brief and petitioner has therefore waived it. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

■■■

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

